IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00137-ZLW-BNB

EDWARD ALLEN, a/k/a EDWARD CLUTTS,

Plaintiff,

v.

JOE ORTIZ, Executive Director D.O.C.,
TOM JORDEN,
FRED FIGUERA,
COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTIONS CORPORATION OF AMERICA,
DAVID NELLIS, and
LT. WILLIAMS,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **CDOC Defendants' Motion to Dismiss** [Doc. # 37] (the "Motion") and the **Brief in Support of CDOC Defendants' Motion to Dismiss** [Doc. #38] (the "Defendants' Brief"), both filed July 30, 2007. The Motion is brought on behalf of defendants Colorado Department of Corrections ("DOC"), Tom Jordan, and Joe Ortiz (hereinafter referred to as the defendants). I respectfully RECOMMEND that the Motion be GRANTED.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

The plaintiff filed his Amended Complaint (the "Complaint") on May 10, 2007 [Doc. #15]. The Complaint asserts seven claims; each claim is brought against a separate defendant. Claim One asserts an Eighth Amendment claim against defendant Jordan; Claim Three asserts an Eighth Amendment claim against defendant Ortiz; and Claim Four is asserted against the DOC for violations of the Eighth, Fifth, and Fourteenth Amendments.

## III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

## A. Eleventh Amendment Immunity

The defendants assert that the claims against the DOC and defendants Jordan and Ortiz in their official capacities are barred by Eleventh Amendment immunity. The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted). Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979).

The Eleventh Amendment precludes federal jurisdiction in suits against a state or state agency either for money damages or for injunctive relief. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); Ellis v. University of Kansas Medical Center, 163 F.3d 1186, 1196 (10th Cir. 1999). The Eleventh Amendment also precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst, 465 U.S. at 102-03, 105-06.

Claim Four is asserted against the DOC. Thus, the Eleventh Amendment bars Claim Four in its entirety. Claims One and Three are asserted against defendants Jordan and Ortiz, employees of the DOC. The Complaint does not state whether the plaintiff is suing them in their official capacities. Insofar as Jordan and Ortiz are sued in their official capacities, the Eleventh Amendment bars suit against them for retroactive monetary relief. I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of Claim Four in its entirety, and

Claims One and Three as against Jordan and Ortiz in their official capacities for retroactive monetary relief.

## B. Qualified Immunity

Jordan and Ortiz move to dismiss the claims against them in their individual capacities on the basis that they are entitled to qualified immunity. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citations omitted).

When analyzing the issue of qualified immunity, the court must first determine whether the plaintiff has sufficiently alleged violation of a statutory or constitutional right. If the plaintiff has asserted such a violation, only then does the court inquire whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999). Accordingly, I now look to the Complaint's allegations to determine if the plaintiff has sufficiently alleged a violation of his constitutional rights.

### 1. Claim One

Claim One alleges that Jordan violated the plaintiff's Eighth Amendment rights. The claim states in its entirety:

> Defendant talk to Plaintiffs whifes exhusband about the plaintiff. The Defendant did thretand to send the plaintiff to anther facility one that would be worse if he did not move in the same cellhouse as his whifes ex-husband dispite the plaintiffs objections.[1]

*Complaint*, p. 5.[2]

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment prohibition of cruel and unusual punishment requires prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotations and citations omitted).

The Complaint does not provide any specific allegations which would plausibly support a claim for violation of the Eighth Amendment. The Complaint alleges only that Jordan talked to the plaintiff's wife's ex-husband about him, and that Jordan threatened to transfer him to another facility over his objections. These allegations do not state a claim for relief under the Eighth Amendment.

---

[1] I copy the plaintiff's words exactly as written in the Complaint, without correction or acknowledgment of errors.

[2] The plaintiff has inserted a page into the Court's form complaint, resulting in pages that are not consecutively numbered. I cite only to the Complaint's consecutive page numbers.

I note that in his responses to the motion to dismiss, the plaintiff makes many allegations that are not made in the Complaint.³ Most of the allegations are against non-defendant DOC employees. The few allegations specifically asserted against Jordan are as vague and conclusory as those in the Complaint.⁴ For example, the plaintiff alleges the following:

> By Mr Jorden threts and intimation Mr Jorden was reckles with regard to the danger to the plaintiff and the plaintiff whifes ex husband.
>
> * * *
>
> The plaintiff has stated to Jorden that he knows that his whifes ex-husband was convicted of stabbing a cab driver in the throat (as told to him by his whife.) The plaintiff does have reason to belive his life is in jeopardy. Mr. Jordens Actions in this matter is no better then the barbaric practice of the Romom Empire in putting two men into an arnea and seeing which one comes out alive.

*Plaintiff Objects to Defendant Motion to dismiss* [Doc. #46, filed 8/29/07] (the "Response"), p. 6. The plaintiff's most specific allegation against Jordan is that "Mr jordan responds to Mr Allen concernes with more treates and intimadation. Mr Jorden stood by and allow CCA Imployees to treaten and intimadat the plaintiff by insiteing other inmates to harm the plaintiff." *Objection to Reply Brief* [Doc. #49, filed 9/25/07] (the "Sur-Reply"), p. 1.

---

³To the extent the plaintiff's response to the motion to dismiss attempts to assert additional claims against the DOC defendants relating to his sex offender treatment, these claims are not asserted in the Complaint, and I will not address claims raised for the first time in a brief opposing a dispositive motion. Similarly, I do not address the defendants' argument regarding the Prison Litigation Reform Act's bar on damages for failure to allege physical injury because this defense is asserted for the first time in the defendants' reply brief. *Reply Brief in Support of SDOC Defendants' Motion to Dismiss* [Doc. #47, filed 9/11/07], p. 10.

⁴I note that the plaintiff was ordered to amend his initial complaint to allege with more specificity the unconstitutional actions and/or omissions of each defendant. *Order dated April 24, 2007*. The plaintiff amended his complaint as ordered, and he has not sought leave to further amend.

6

The Eighth Amendment places a burden on prison officials to "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). A prison official violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prisoner asserting a claim for failure to protect must establish that the deprivation alleged is sufficiently serious and that the defendant acted with deliberate indifference. Id. Deliberate indifference in this context means that the official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

To survive a motion to dismiss, a plaintiff must allege acts or omissions that evidence (1) a sufficiently serious deprivation and (2) a sufficiently culpable state of mind. Riddle v. Mondragon, 83 F.3d 1197, 1205-06 (10th cir. 1996). Conclusory allegations, without supporting factual averments, are insufficient to state a claim for failure to protect in violation of the Eighth Amendment. Id. at 1205.

Here, the plaintiff does not allege any facts from which to infer that he suffered a serious deprivation or that Jordan had a sufficiently culpable state of mind. Alvarado instructs that "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." 493 F.3d at 1215 n.2. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes

7

the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). The plaintiff's allegations against Jordan are confusing and conclusory.

Moreover, an individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Many of the allegations asserted by the plaintiff in his responses are against individuals other than Jordan.

The plaintiff has failed to state an Eighth Amendment claim against Jordan. Consequently, Claim One cannot survive against Jordan in either his individual capacity or his official capacity. Because Claim One fails to state a constitutional claim, I need not address qualified immunity.

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of Claim One.

### 2. Claim Three

Claim Three alleges that defendant Ortiz violated the plaintiff's Eighth Amendment rights. Claim Three, in its entirety, states:

> Defendant was responsible for the overseeing of Department of Corrections and he aproved the move of the plaintiff and the plaintiffs whife ex-husband to the same facility and the same sellhouse. And atherizes the employees to enforce the police of no-protective custody.

*Complaint*, p. 7.

As with Claim One, the plaintiff does not allege any facts from which to infer that he suffered a serious deprivation or that Ortiz had a culpable state of mind. He alleges only that Ortiz approved his transfer and that Ortiz authorizes employees to enforce a policy of "no protective custody."

8

Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

The plaintiff does not allege that Ortiz was directly responsible for an alleged constitutional violation; he attempts to hold him liable merely because of his supervisory position. Because the plaintiff fails to state a constitutional claim against Ortiz, Claim Three must be dismissed in its entirety (both official and individual capacity claims), and I need not address qualified immunity.

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of Claim Three.

### IV.  CONCLUSION

I respectfully RECOMMEND that the CDOC Defendants' Motion to Dismiss be GRANTED and that this case be DISMISSED in its entirety.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 7, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge