IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00137-ZLW-BNB

EDWARD ALLEN, a/k/a EDWARD CLUTTS,

Plaintiff,

v.

JOE ORTIZ, Executive Director D.O.C.,
TOM JORDEN,
FRED FIGUERA,
COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTIONS CORPORATION OF AMERICA,
DAVID NELLIS, and
LT. WILLIAMS,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the plaintiff's **Motion to Amend and Restate Claims** [Doc. # 105, filed 4/7/08] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

On March 14, 2008, I entered a recommendation that the claims against Joe Ortiz, Tom Jorden, and the Colorado Department of Corrections (the "DOC Defendants") be dismissed. In response, the plaintiff filed this Motion to amend his Complaint and restate his claims. The plaintiff's proposed amended complaint is deficient in several areas.

Amended complaints supercede original complaints. The plaintiff's proposed amended complaint is not on the Court's form. Consequently, the proposed amended complaint does not

contain a description of the parties, a statement of jurisdiction, an assertion of the constitutional right(s) violated by the defendants, or a claim for relief.

In addition, the proposed claims against the DOC Defendants suffer many of the same deficiencies as the original claims. For example, I recommended dismissal of the DOC and of Ortiz and Jorden in their official capacities on the basis of Eleventh Amendment immunity. The plaintiff has reasserted a claim against the DOC.[1] I also recommended that the claims against Ortiz and Jorden be dismissed because the allegations against them were vague and conclusory. The plaintiff's amended allegations against the DOC Defendants are again vague and conclusory.

Finally, the plaintiff has added allegations that Ortiz and Jorden violated two statutes. First, he alleges that Ortiz and Jorden "did torture the plaintiff as discribed [sic] by 28 U.S.C. 1350(b)(1)." Section 1350 provides in its entirety: "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." Section 1350 does not contain any subparts and its language does not pertain to the plaintiff. Second, the plaintiff alleges that Ortiz and Jorden transferred him to an Oklahoma prison in violation of Oklahoma law. This summary allegation is not sufficient to state a claim for a violation of the plaintiff's constitutional rights.

For these reasons, I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives

---

[1] The proposed amended complaint does not state whether the plaintiff is suing Ortiz and Jorden in their official capacities, their individual capacities, or both.

*de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 18, 2008.

                                                                BY THE COURT:

                                                                s/ Boyd N. Boland
                                                                United States Magistrate Judge