IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 07-cv-00137-ZLW-BNB

EDWARD ALLEN,

    Plaintiff,

v.

JOE ORTIZ, Executive Director D.O.C.,
TOM JORDAN,
FRED FIGUERA,
COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTIONS CORPORATION OF AMERICA,
DAVID NELLIS, and
LT. WILLIAMS,

    Defendants.
_____

**ORDER**
_____

The matters before the Court are (1) "Plaintiff Objects To Extension Of Time" (Doc. Nos. 155 and 157), which objects to Magistrate Judge Boyd N. Boland's June 27, 2008, Minute Order granting the CDOC Defendants' Motion For Extension Of Time (Doc. Nos. 146, 148); (2) "Plaintiff Objection To Affidavits Being Stricken" (Doc. No. 158), which objects to Magistrate Judge Boland's July 7, 2008, Order striking three affidavits filed by Plaintiff (Doc. Nos. 130, 131, 133, and 153), and (3) "Motion For The Justice Weinshienk To Disqualify Magistrate Judge Boland" (Doc. No. 159), which the Court construes as an objection to Magistrate Judge Boland's July 7, 2008, Order denying Plaintiff's "Motion For The Recusel [sic] Of Magistrate Judge Boyd N. Boland" (Doc. Nos. 141, 152). Because all of the Orders to which Plaintiff objects are

nondispositive, the Court reviews the Orders under a clearly erroneous or contrary to law standard.[1]

Plaintiff has failed to show that Magistrate Judge Boland's Order granting the CDOC Defendants' motion for extension of time to respond to a pending motion was clearly erroneous or contrary to law. The Local Rules of this Court expressly provide that the Court may allow a party more than 20 days to respond to a motion, and that the Court may rule on a motion at any time after it is filed.[2] There was no error in Magistrate Judge Boland's ruling.

Plaintiff contends that the Court had "no legal right" to strike the three affidavits which he filed on June 11, 2008. Plaintiff is mistaken. The Magistrate Judge correctly stated in his Order of July 7, 2008, that the Federal Rules of Civil Procedure do not provide for a party's attempt to establish facts in a case by filing affidavits with the Court and then deeming the opposing party's failure to respond as an admission. It is not appropriate for a party to file freestanding factual affidavits with the Court which are unattached and unrelated to any pending motion. The Order striking the affidavits was not clearly erroneous or contrary to law.

In his "Motion For The Justice Weinshienk To Disqualify Magistrate Judge Boland," Plaintiff states that Magistrate Judge Boland should be disqualified from hearing this case because his Orders denying several of Plaintiff's motions display bias

---

[1] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[2] D.C.COLO.LCivR 7.1A.

against Plaintiff and constitute denials of Plaintiff's due process rights.  The Court finds no bias or due process violations in Magistrate Judge Boland's rulings, and the Magistrate Judge did not err in denying Plaintiff's "Motion For The Recusel [sic] Of Magistrate Judge Boyd N. Boland."  Accordingly, it is

ORDERED that "Plaintiff Objects To Extension Of Time" (Doc. Nos. 155 and 157) is overruled.  It is

FURTHER ORDERED that "Plaintiff Objection To Affidavits Being Stricken" (Doc. No. 158) is overruled.  It is

FURTHER ORDERED that Plaintiff's "Motion For The Justice Weinshienk To Disqualify Magistrate Judge Boland" (Doc. No. 159), which the Court construes as an objection to Magistrate Judge Boland's July 7, 2008, Order (Doc. No. 152) is overruled.

DATED at Denver, Colorado, this   16th   day of July, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court