IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00137-ZLW-BNB

EDWARD ALLEN, a/k/a EDWARD CLUTTS,

Plaintiff,

v.

JOE ORTIZ, Executive Director D.O.C.,
TOM JORDEN,
FRED FIGUERA,
COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTIONS CORPORATION OF AMERICA,
DAVID NELLIS, and
LT. WILLIAMS,

Defendants.

_____

**ORDER**
_____

This matter is before me on the following:

(1) Plaintiff's **Notice of Contempt** [Doc. #166, filed 7/28/08];

(2) Plaintiff's **Motion to Show Case** [sic] **to Magistrate Boyd N. Boland** [Doc. # 173, filed 8/4/2008] (the "Motion to Show Cause");

(3) Plaintiff's **Motion for Defalt** [sic] **Judement** [sic] [Doc. # 167, filed 7/28/2008] (the "Motion for Default Judgment"); and

(4) **Defendants Figueroa, Nellis, Williams and Corrections Corporation of America's Second Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production of Documents** [Doc. # 125, filed 6/9/2008] (the "Motion to Compel").

I held a hearing on these matters this morning and made ruling on the record, which are

incorporated here.

The plaintiff is currently incarcerated at the Kit Carson Correctional Center ("KCCC") in Burlington, Colorado. The Notice of Contempt and the Motion to Show Cause both arise in connection with a failed hearing on July 21, 2008. Although that hearing was set pursuant to my minute order [Doc. # 136, filed 6/13/2008] and counsel for the defendants appeared on July 21 as ordered, the plaintiff failed to contact the court to participate in the hearing as required. My investigation disclosed that the minute order inadvertently was not sent to the plaintiff's case manager. To remedy this error, the hearing was reset to August 6, 2008, at 10:00 a.m., and special care was made to assure that the order resetting the hearing was sent to the plaintiff's case manager. The plaintiff and his case manager contacted the court this morning as required, and the hearing proceeded as scheduled. Consequently, the Notice of Contempt and the Motion to Show Cause were unnecessary, groundless, frivolous, and were intended merely to add to the burden on the defendants and the court in processing this case. They constitute abusive litigation practices by the plaintiff.

In his Motion to Show Cause, the plaintiff states the following:[1]

> Magistrate Boyd Boland ordered Defendant CCA to produce the plaintiff on the phone for a hearing February 19, 2008. The Defendant did not. He next told them to produce the plaintiff on the phone February 21, 2008. They did not. Then he told them to produce him on February 25, 2008 where in the hearing Mr. Boland told the defense attorney that if they cannot produce the plaintiff by phone then they will produce him in person. . . . On July 21, 2008, the defendants were to produce the plaintiff on the phone. Again they did not. There for why did Boyd N. Boland just reschedule the phone hearing instead of ordering the plaintiff to be

---

[1] I have attempted generally to correct spelling, grammatical, and other errors contained in the original.

2

produced in person.

Motion to Show Cause [Doc. # 173] at pp.1-2.

The representations are not correct. It is true that a hearing was set for February 19, 2008, and that the plaintiff did not call in for that hearing, apparently through the fault of defendant CCA. The hearing was reset to February 25, 2008. There was no hearing set for February 21. On February 25, the plaintiff again did not call in as required, again apparently through the fault of CCA. Through the efforts of chambers' staff, the plaintiff was located and brought to the telephone, and the hearing occurred on February 25, subject to a delay. In view of these two incidents, I cautioned counsel for CCA that continued failures by CCA to make the plaintiff available by telephone would result in my issuing a writ requiring CCA to bring the plaintiff to future hearings in person. There have been no additional problems through the fault of CCA. To the contrary, the July 21 hearing could not occur as a result of a mistake by the court.

The Motion for Default Judgment [Doc. #167] is similarly frivolous and vexatious, and a part of the plaintiff's pattern of litigation abuse. The plaintiff purports to seek entry of a default judgment against defendants Jorden, Ortiz, and the Colorado Department of Corrections because they have not responded to his motion to amend the complaint [Doc. #234].

On June 11, 2008, the plaintiff filed a motion to amend his complaint [Doc. #134]. I ordered the defendants to respond to that motion on or before July 3, 2008 [Doc. #138]. Subsequently, I granted the defendants an extension of time until July 24, 2008, to respond [Doc. #148]. The defendants filed a timely response to the motion to amend on July 24, 2008 [Doc. #165]. The defendants certify that they served the plaintiff with a copy of the response via

3

United States mail on July 24, 2008. Instead of waiting for his copy of the response to arrive through the mail, the plaintiff mailed his Motion for Default Judgment on the next day--July 25, 2008.

Default may be entered against a party that "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). Defendants Jorden, Ortiz, and the Colorado Department of Corrections have vigorously defended themselves in this case and are not in default. The plaintiff's application of Rule 55(a) for a perceived failure to respond to a motion is abusive and frivolous.

The Motion to Compel seeks an order requiring the plaintiff to execute release forms to permit CCA to obtain copies of his medical records and inmate file. I find that the requested materials are relevant to or reasonably calculated to lead to the discovery of admissible evidence concerning matters at issue in this case. Consequently, they are discoverable. In view of the plaintiff's pattern of litigation abuse, I will not engage in the futile effort of attempting to require him to execute releases. Instead, all of the requested materials are in the possession, custody, or control of either the Department of Corrections or Corrections Corporation of America, which are parties to this action. Consequently, I order the appropriate custodians of records to make the requested materials available for inspection and copying by CCA at the locations where they are maintained in the regular course of business. The materials shall be made available for inspection on or before **August 20, 2008**.

Consistent with his practice of abusive litigation conduct, the plaintiff complained at the hearing on the Motion to Compel that he must be afforded "several days" to review the approximately three inches of materials which compose his medical file, and he argues in his response to the Motion to Compel that the defendants must provide copies of documents to him

4

either free of charge or at the rate of five cents per page. I will not allow the plaintiff's antics to halt or unreasonably burden the discovery process. Upon a proper request for production from the plaintiff, assuming that he has not exhausted the requests allowed him, the defendants may be required to produce documents to the plaintiff, including his medical and inmate files,[2] to be inspected at a reasonable date and time and for a reasonable period of time, and to be copied at rates generally charged by the producing party.

IT IS ORDERED that the Notice of Contempt [Doc. # 166] and the Motion to Show Cause [Doc. # 173] are DENIED AS FRIVOLOUS.

IT IS FURTHER ORDERED that the Motion for Default Judgment [Doc. # 167] is DENIED AS FRIVOLOUS.

IT IS FURTHER ORDERED that the Motion to Compel [Doc. # 125] is GRANTED as specified. The appropriate custodians of records shall make the requested materials available for inspection and copying by CCA at the locations where they are maintained in the regular course of business. The materials shall be made available for inspection on or before **August 20, 2008**.

IT IS FURTHER ORDERED that the plaintiff is cautioned that I will not tolerate his continued abusive litigation tactics and his barrage of frivolous and abusive filings. Further such misconduct by the plaintiff will result in the imposition of sanctions, including potentially dismissal of the case with prejudice.

---

[2] I am informed that the inmate file may contain materials which cannot be produced to the plaintiff based on security concerns and the like. Obviously, the defendants may withhold such materials, but they must produce a log itemizing the materials withheld and the reasons they were withheld.

Dated August 6, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge