IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00137-ZLW-BNB

EDWARD ALLEN, a/k/a EDWARD CLUTTS,

Plaintiff,

v.

JOE ORTIZ, Executive Director D.O.C.,
TOM JORDEN,
FRED FIGUERA,
COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTIONS CORPORATION OF AMERICA,
DAVID NELLIS, and
LT. WILLIAMS,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on a paper filed by the plaintiff entitled **The Restatement of Claims** [Doc. # 134, filed 6/11/08]. I construe the paper as a motion to amend the Complaint (the "Motion"). The plaintiff contemporaneously filed a proposed amended Prisoner Complaint [Doc. #129] (the Proposed Amended Complaint). I respectfully RECOMMEND that the Motion be DENIED.

On March 14, 2008, I entered a recommendation that the claims against Joe Ortiz, Tom Jorden, and the Colorado Department of Corrections (the "DOC Defendants") be dismissed [Doc. #97]. In response, the plaintiff filed his first motion to amend the Complaint and restate his claims [Doc. #105]. I found that the plaintiff's first proposed amended complaint was deficient in several areas, and I recommended that the plaintiff be denied leave to file the

proposed amended complaint. *Recommendation of United States Magistrate Judge* [Doc. #112, issued 4/18/08].[1] Specifically, I stated:

> Amended complaints supercede original complaints. The plaintiff's proposed amended complaint is not on the Court's form. Consequently, the proposed amended complaint does not contain a description of the parties, a statement of jurisdiction, an assertion of the constitutional right(s) violated by the defendants, or a claim for relief.
>
> In addition, the proposed claims against the DOC Defendants suffer many of the same deficiencies as the original claims. For example, I recommended dismissal of the DOC and of Ortiz and Jorden in their official capacities on the basis of Eleventh Amendment immunity. The plaintiff has reasserted a claim against the DOC. I also recommended that the claims against Ortiz and Jorden be dismissed because the allegations against them were vague and conclusory. The plaintiff's amended allegations against the DOC Defendants are again vague and conclusory.
>
> Finally, the plaintiff has added allegations that Ortiz and Jorden violated two statutes. First, he alleges that Ortiz and Jorden "did torture the plaintiff as discribed [sic] by 28 U.S.C. 1350(b)(1)." Section 1350 provides in its entirety: "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." Section 1350 does not contain any subparts and its language does not pertain to the plaintiff. Second, the plaintiff alleges that Ortiz and Jorden transferred him to an Oklahoma prison in violation of Oklahoma law. This summary allegation is not sufficient to state a claim for a violation of the plaintiff's constitutional rights.

Id. (footnote omitted).

In response to my recommendation to deny leave to amend, the plaintiff submitted the instant Motion, again seeking leave to amend. Although he submitted his Proposed Amended Complaint on the proper Court form, many of his proposed claims suffer the same deficiencies I

---

[1]These recommendations are currently pending before the district judge.

addressed in my previous recommendations. For example, the plaintiff asserts several claims against the DOC, *Proposed Amended Complaint*, pp. 14-16[2]; he alleges that his transfer to an Oklahoma prison is against Oklahoma and Colorado state law without factual allegations sufficient to state a claim for violation of the plaintiff's constitutional rights, id. at pp. 6, 23-25; and he again makes conclusory allegations against defendant Jorden and Ortiz. Id. at pp. 6, 10.

The plaintiff's repeated failure to cure these deficiencies in spite of my recommendations warrants denial of his request to amend the Complaint. See Foman v. Davis, 371 U.S. 178, 182 (1962). Accordingly,

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[2]The pages of the Proposed Amended Complaint are not consecutively numbered. Therefore, I refer to the page numbers assigned by the Court's docketing system.

Dated October 15, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge