IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00137-ZLW-BNB

EDWARD ALLEN, a/k/a EDWARD CLUTTS,

Plaintiff,

v.

FRED FIGUERA,
CORRECTIONS CORPORATION OF AMERICA,
DAVID NELLIS, and
LT. WILLIAMS,

Defendants.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion for Suppression of Deposition Taken 10/15/08** [Doc. #227, filed 10/22/2008]. The Motion is DENIED.

The plaintiff requests that the court strike his deposition, taken by the defendants on October 15, 2008, because the court reporter was not authorized to administer an oath in the State of Colorado. The defendants concede that the reporter, Paula Keller, is a registered professional reporter and notary in the State of Kansas, but she is not a notary in the State of Colorado. *Defendants Figueroa, Nellis, Williams and Corrections Corporation of America's Response to Plaintiff's Motion for Suppression of Deposition Taken 10/15/08* [Doc. #238] (the "Response"), ¶ 2.

The Federal Rules of Civil Procedure require that a deposition be taken before "an officer authorized to administer oaths either by federal law or by the law in the place of examination."

Fed. R. Civ. P. 28(a)(1)(A).  However, "[a]n objection based on the disqualification of the officer before whom a deposition is to be taken is waived if not made: (A) before the deposition begins; or (B) promptly after the basis for disqualification becomes known, or with reasonable diligence, could have been known."  Fed. R. Civ. P. 32(d)(2).

Here, the deposition transcript shows that the basis for Ms. Keller's disqualification was stated to the plaintiff before his deposition began and before he was sworn.  *Response*, Ex. A, p. 2, lines 1-12.  The plaintiff did not make an objection based on Ms. Keller's qualifications to administer his oath at that time, although the ground for disqualification was then known.  Id. To the contrary, the plaintiff waited until after the deposition was completed, and the cost of the deposition had been incurred, before registering his objection.

Here, as in Goss Int'l Americas, Inc. v. MAN Roland, Inc., 2006 WL 1134930 *5 (D. N.H. April 28, 2006:

> A suspicious mind might find the timing to be not coincidental,
> and consistent with an objectionable spirit.
> \* \* \*
> Based on this record I conclude that [the plaintiff] deliberately
> waited until opposing counsel and parties were prejudiced before
> springing [his] objection, and, because of that inequitable conduct,
> [is] properly estopped from lodging an objection in this court.

The plaintiff has a history of engaging in abusive litigation tactics, not unlike that involved here.  See *Order* [Doc. # 153, filed 7/7/2008]; and *Order* [Doc. # 177, filed 8/6/2008].

IT IS ORDERED that the Motion is DENIED.

Dated July 8, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge