IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00137-ZLW-BNB

EDWARD ALLEN, a/k/a EDWARD CLUTTS,

Plaintiff,

v.

FRED FIGUERA,
CORRECTIONS CORPORATION OF AMERICA,
DAVID NELLIS, and
LT. WILLIAMS,

Defendants.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion for an Order to Supply Postage, Copys** [sic] **and Hygiene** [Doc. #239, filed 11/10/2008] (the "Motion"). The Motion is DENIED.

The plaintiff requests an order directing the Colorado Department of Corrections and/or the Corrections Corporation of America to "supply the plaintiff with postage, copys [sic] and hygiene free of charge." He complains that he is "growing deeper and deeper in debt due to legal postage and legal copys" [sic] and is therefore "unable to buy pen, paper envelopes, stamps, soap, toothpaste, underarm deodarat [sic], and razors."

As a preliminary matter, the Colorado Department of Corrections is no longer a party to this case [Doc. #234]. Consequently, I lack jurisdiction to order the Department of Corrections to provide the plaintiff with supplies.

The plaintiff does not allege that he has actually been denied adequate supplies to litigate

his case; he complains that it may become a problem in the future. The plaintiff filed this motion in November 2008, and he has made numerous filings since, including some that are frivolous, see *Order* [Doc. #177, filed 8/6/2008], and unnecessary. See, e.g., *Order* [Doc. #151, filed 7/7/2008]; *Order* [Doc. #153, filed 7/7/2008]; and *Order* [Doc. #226, filed 10/20/2008].

Inmates are not entitled to limitless supplies for their legal endeavors, and the plaintiff is not entitled to free supplies under the circumstances of this case:

> "Prisoners do not have an unlimited right to free postage in connection with the right of access to the courts." Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir.1978). "Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations." Id. States are not required to pay the postage on every item of legal mail each prisoner wishes to send. Id. Additionally, [the plaintiff] fails to support with facts allegations that he was denied the opportunity to mail legal letters, or that he was denied access to the courts. See Id.; see also Collins v. Cundy, 603 F.2d at 827. To require a prisoner who wishes to prosecute a legal action to have to choose occasionally between stamps and hygiene items is "certainly no more a restriction than that which any indigent pro se non-prisoner must face." Twyman v. Crisp, 584 F.2d at 359.

Smith v. Cooper, 2 F.3d 1161, 1993 WL 307650 at *4 (10th Cir. August 9, 1993).

IT IS ORDERED that the Motion is DENIED.

Dated July 8, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge