IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00137-ZLW-BNB

EDWARD ALLEN, a/k/a EDWARD CLUTTS,

Plaintiff,

v.

FRED FIGUERA,
CORRECTIONS CORPORATION OF AMERICA,
DAVID NELLIS, and
LT. WILLIAMS,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the plaintiff's **Motion for Leave to Amend Complaint** [Doc. #233, filed 10/29/2008] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

On March 14, 2008, I entered a recommendation that the claims against Joe Ortiz, Tom Jorden, and the Colorado Department of Corrections (the "DOC Defendants") be dismissed [Doc. #97]. In response, the plaintiff filed his first motion to amend the Complaint [Doc. #105]. I found that the plaintiff's first proposed amended complaint was deficient in several areas, and I recommended that the plaintiff be denied leave to file the proposed amended complaint. *Recommendation of United States Magistrate Judge* [Doc. #112, issued 4/18/08]. Specifically, I stated:

> Amended complaints supercede original complaints. The plaintiff's proposed amended complaint is not on the Court's form. Consequently, the proposed amended complaint does not contain a description of the parties, a statement of jurisdiction, an assertion

> of the constitutional right(s) violated by the defendants, or a claim for relief.
>
> In addition, the proposed claims against the DOC Defendants suffer many of the same deficiencies as the original claims. For example, I recommended dismissal of the DOC and of Ortiz and Jorden in their official capacities on the basis of Eleventh Amendment immunity. The plaintiff has reasserted a claim against the DOC. I also recommended that the claims against Ortiz and Jorden be dismissed because the allegations against them were vague and conclusory. The plaintiff's amended allegations against the DOC Defendants are again vague and conclusory.
>
> Finally, the plaintiff has added allegations that Ortiz and Jorden violated two statutes. First, he alleges that Ortiz and Jorden "did torture the plaintiff as discribed [sic] by 28 U.S.C. 1350(b)(1)." Section 1350 provides in its entirety: "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." Section 1350 does not contain any subparts and its language does not pertain to the plaintiff. Second, the plaintiff alleges that Ortiz and Jorden transferred him to an Oklahoma prison in violation of Oklahoma law. This summary allegation is not sufficient to state a claim for a violation of the plaintiff's constitutional rights.

Id. (footnote omitted).

In response to my recommendation to deny leave to amend, the plaintiff submitted a second motion to amend his Complaint [Doc. #134]. Although he submitted his proposed amended complaint [Doc. #129] on the proper court form, many of his proposed claims suffered the same deficiencies I addressed in my previous recommendations. For example, the plaintiff asserted several claims against the DOC, pp. 14-16[1]; he alleged that his transfer to an Oklahoma prison was against Oklahoma and Colorado state law without factual allegations sufficient to

---

[1] The pages of the proposed amended complaint are not consecutively numbered. Therefore, I refer to the page numbers assigned by the Court's docketing system.

state a claim for violation of the plaintiff's constitutional rights, id. at pp. 6, 23-25; and he again made conclusory allegations against defendant Jorden and Ortiz. Id. at pp. 6, 10.

I recommended denial of the plaintiff's second motion to amend [Doc. #219] based on his repeated failure to cure these deficiencies in spite of my recommendations. See Foman v. Davis, 371 U.S. 178, 182 (1962). The district judge adopted my recommendations [Doc. #234].

The plaintiff again seeks to amend his Complaint. His second proposed amended complaint reasserts claims against the Colorado Department of Corrections. This deficiency notwithstanding, the plaintiff's proposed amendment comes too late in this case.

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). The circuit court has "often found untimeliness alone a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994) (internal quotations and citation omitted). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Id. (internal quotations and citation omitted).

The plaintiff initiated this case on January 10, 2007. The plaintiff has had ample opportunity to assert his claims. The plaintiff does not provide any reasonable explanation for

his failure to do so. The case is now more than two years old. A motion to dismiss the Complaint has been decided. A motion for summary judgment is pending.[2] Allowing the plaintiff to amend his Complaint at this juncture would unduly delay this case.

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 8, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[2] Separately, I have recommended that summary judgment be entered in favor of the defendants.