IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 07-cv-00137-ZLW-BNB

EDWARD ALLEN, a/k/a EDWARD CLUTTS

    Plaintiff,
v.

FRED FIGUERA,
CORRECTIONS CORPORATION OF AMERICA,
DAVID NELLIS, and
LT. WILLIAMS,

    Defendants.

_____

ORDER OF DISMISSAL
_____

The matters before the Court are Plaintiff's Motion For Leave To Amend Complaint (Motion to Amend) (Doc. No. 233) and Defendants Figueroa,[1] Nellis, Williams And Corrections Corporation Of America's Motion For Summary Judgment With Authorities (Motion for Summary Judgment) (Doc. No. 252). These motions were referred to Magistrate Judge Boyd N. Boland pursuant to D.C.COLO.LCivR 72.1C. On July 8, 2009, the Magistrate Judge issued his Recommendations that the Motion to Amend be denied and that the Motion for Summary Judgment be granted (Doc. Nos. 309, 310). Plaintiff filed an objection to the Recommendations on August 7, 2009. (Doc. Nos. 312, 316).[2] The Court reviews *de novo* those portions of the Magistrate

---

    [1]Defendant Figueroa's name is misspelled as "Figuera" on the case caption.

    [2]Doc. No. 316 is a duplicate of Doc. No. 312.

Judge's Recommendations to which Plaintiff has specifically objected.[3]  The Court construes Plaintiff's pleadings and papers liberally because he is proceeding *pro se*;[4] however, Plaintiff must adhere to the procedural rules which govern all litigants.[5]

**A.     Motion to Amend**

Plaintiff initiated this action in January, 2007.  Plaintiff's Motion to Amend, filed almost two years later, properly is denied as untimely.  As the Magistrate Judge noted, a motion to amend may be denied based on undue delay.[6]  Plaintiff has failed to explain why he was unable to file his motion to amend earlier in this case.[7]  Amendment of Plaintiff's pleading, without justification for the delay, is inappropriate and would be unfairly prejudicial at this late date in the proceedings.  The Motion to Amend therefore shall be denied.

**B.      Motion for Summary Judgment**

The undisputed material facts of this case were recited in detail in the Magistrate Judge's Recommendation, and will not be repeated herein.

---

[3] See 28 U.S.C. § 636(b)(1); United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996) (court's *de novo* review is limited to "any portion of the magistrate judge's disposition to which specific written objection has been made. . . .").

[4] See Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007).

[5] See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

[6] See Foman v. Davis, 371 U.S. 178, 182 (1962).

[7] See Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994).

2

### 1. Plaintiff's Objections to the Underlying Motion

Plaintiff filed a Response in the form of "objections" to Defendants' Motion for Summary Judgment (Doc. No. 268). In addressing Plaintiff's objection that the Motion for Summary Judgment should not have been filed while Plaintiff's motion to suppress his deposition (Doc. No. 227) was pending, the Magistrate Judge's Recommendation noted that Plaintiff has not challenged the substance of his deposition testimony.[8] Plaintiff now asserts that in his Reply on the motion to suppress (Doc. No. 246) he did challenge the substance of his testimony. However, having reviewed Plaintiff's Reply on the motion to suppress, the Court finds no asserted challenge to the substantive testimony in Plaintiff's deposition, only argument by Plaintiff that he did not waive his right to object to the court reporter's credentials.

Plaintiff also objected to the Motion for Summary Judgment because it was filed while his Motion to Amend was pending. In his present objection to the Recommendation, Plaintiff reiterates his arguments as to why the Motion to Amend itself should be granted,[9] but does not explain why the Motion for Summary Judgment is objectionable merely because it was filed while a motion to amend was pending. The Motion to Amend will be denied based on undue delay, as discussed above, and thus does not impact the Motion for Summary Judgment. The Magistrate's

---

[8] See Recommendation (Doc. No. 310) at 9.

[9] Again, Plaintiff fails to provide any justification for his untimely request to amend.

Recommendation will be upheld with respect to Plaintiff's underlying objections to the Motion for Summary Judgment.

### 2. Eighth Amendment Claim

All of Plaintiff's claims in this case are brought under 42 U.S.C. § 1983 for alleged violations of Plaintiff's Eighth Amendment rights.[10] In order to prevail on his Eighth Amendment claims, Plaintiff must establish that Defendants were deliberately indifferent to conditions posing a substantial risk of serious harm to Plaintiff.[11]

#### a. Substantial Risk of Serious Harm

Plaintiff has failed to submit any evidence that he was subjected to a substantial risk of serious harm. As the Magistrate Judge stated in his Recommendation, in order to satisfy the "substantial risk of serious harm" standard, "[a] prisoner must first demonstrate that the deprivation was sufficiently serious and that a prison official's act or omission resulted in the denial of the minimal civilized measure of life's necessities."[12] "This is an objective standard. Such conditions have been found to exist where prison officials disregard repeated warnings of danger to a particular prisoner and continually refuse to make the situation safer, for example by . . . separating the prisoner from other inmates who previously have attacked him on multiple occasions."[13]

---

[10] Plaintiff has asserted no objection to the either the Magistrate Judge's or the Defendants' characterization of his claims as falling under the Eighth Amendment.

[11] See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

[12] Grimsley v. MacKay, 93 F.3d 676, 681 (10th Cir. 1996).

[13] Id.

Here, there is no evidence that any act or omission by any Defendant resulted in "the denial of the minimal civilized measure of life's necessities." There is no admissible evidence that any of the Defendants ever received warnings of danger to Plaintiff, or that any of the Defendants ever told Plaintiff's cellmates about Plaintiff's criminal background or custody status.[14] Defendant Nellis affirmatively states in his affidavit that he did not know Plaintiff's criminal history or custody status, and Defendant Williams affirmatively states in his affidavit that he never told Plaintiff's cellmate anything about Plaintiff, Plaintiff's criminal background, or Plaintiff's custody status.[15] Plaintiff asserts that the Magistrate Judge's Recommendation "did not show Defendant Williams did not know the Plaintiff was in danger the 24 hours spent in the cell with inmate Elkins El."[16] In fact, there is no evidence that Defendant Williams knew that Plaintiff was in danger while he was in the cell with Elkins-El. The evidence before the Court is that Defendant Williams left for the evening after placing Plaintiff in the cell with Elkins El, and was not aware of any problem between Plaintiff and Elkins-El until he was served with the Complaint in this case.[17]

---

[14]The "Statement By Jerry Blair 132644 Colorado" submitted by Plaintiff (Doc. No. 284 at 7) is unsworn, and thus cannot create a genuine factual dispute for summary judgment purposes. See Gorton v. Williams, 2009 WL 229804 (10th Cir. Feb. 2, 2009).

[15]See Motion for Summary Judgment (Doc. No. 252) Ex. A-4 ¶ 3; Ex. A-2 ¶ 6.

[16]Plaintiff's Objections To Magistrates [sic] Recommendations Dated July 8, 2009 (Plaintiff's Objections) (Doc. No. 312-2) at 2.

[17]See Motion for Summary Judgment (Doc. No. 252) Ex. A-2 ¶ 5.

### b. Deliberate Indifference

Even if there were evidence that Plaintiff had been subjected to a substantial risk of serious harm, there is no evidence that Defendants were deliberately indifferent to any such risk. In defining the term "deliberate indifference" in the Eighth Amendment context, the United States Supreme Court has held that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[18]

With respect to his claim against Defendant Figueroa, the Warden of the North Fork Correctional Facility, Plaintiff has failed to present any evidence of Defendant Figueroa's "personal participation, his exercise of control or direction, or his failure to supervise,"[19] as is necessary for § 1983 liability. Citing to Chavez v. Illinois State Police,[20] Plaintiff appears to argues that Defendant Figueroa's alleged authorization of the general practice of double-bunking in the segregation unit constitutes an omission or failure to intervene in a constitutional deprivation sufficient to establish § 1983 liability. However, there is no evidence that Defendant Figueroa had any knowledge of Plaintiff's

---

[18] Farmer, 511 U.S. at 837.

[19] Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993).

[20] 251 F.3d 612 (7th Cir. 2001).

particular bunking assignments, and a general prison policy of double-bunking does not, without more, support § 1983 liability here.  Similarly, Plaintiff has failed to submit evidence that Defendant Corrections Corporation of America's policies or customs concerning double bunking caused any deprivation of his constitutional rights under Monell v. New York City Dept. of Social Servs.[21]

      With respect to his claim against Defendant Nellis, Plaintiff asserts that there is a disputed issue of fact as to whether Defendant Nellis "refused to verify underlying facts that he knew to be true and declined to confirm inferences of risk that he strongly suspected to exist."[22]  Plaintiff does not identify what these "underlying facts" or "inferences of risk" were, and the evidence in fact is undisputed that Defendant Nellis did not know Plaintiff's criminal history or custody status while Plaintiff was incarcerated at the North Fork Correctional Facility.[23]  Plaintiff objects on the same basis to the Magistrate Judge's Recommendation of summary judgment in favor of Defendant Williams.  However, again, Plaintiff does not identify any "underlying facts" which Defendant Williams refused to verify or any "inferences of risk" which he suspected to exist.  Plaintiff asserts that whether Defendant Williams left work for the evening after placing Plaintiff with cellmate Elkins-El is a disputed issue of fact.  However, Plaintiff has submitted no evidence disputing Williams' sworn statement that, after placing Plaintif in

---

[21] 436 U.S. 658, 694 (1978); see also Dubbs v. Head Start. Inc., 336 F.3d 1194, 1216 (10th Cir. 2003) (extending Monell to private entities acting under color of state law).

[22] Plaintiff's Objections (Doc. No. 312) at 4 (citing Farmer, 511 U.S. 825).

[23] Motion for Summary Judgment, Ex. A-4 ¶ 3.

a cell with Elkins-El, he left work for the evening because his shift had ended. There is no disputed issue of fact. Plaintiff has failed to submit evidence of deliberate indifference sufficient to overcome summary judgment in this case.

Accordingly, the Magistrate Judge's Recommendation is accepted and adopted, and it is

ORDERED that Plaintiff's Objections To Magistrates [sic] Recommendations Dated July 8, 2009 (Doc. Nos. 312 and 316) are overruled. It is

FURTHER ORDERED that Plaintiff's Motion For Leave To Amend Complaint (Doc. No. 233) is denied. It is

FURTHER ORDERED that Defendants Figueroa, Nellis, Williams And Corrections Corporation Of America's Motion For Summary Judgment With Authorities (Motion for Summary Judgment) (Doc. No. 252) is granted. It is

FURTHER ORDERED that the Complaint and cause of action are dismissed with prejudice, the parties to pay their own costs and attorney's fees. It is

FURTHER ORDERED that a separate Judgment shall issue pursuant to Fed. R. Civ. P. 58(a).

DATED at Denver, Colorado, this 31st day of March, 2010.

          BY THE COURT:

          *Zita Leeson Weinshienk*
          ZITA L. WEINSHIENK, Senior Judge
          United States District Court